**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

The Travelers Indemnity Company and
Travelers Property Casualty Company of
America,

    Plaintiffs,

vs.

John R. Jurgensen Company, Jurgensen
Companies, LLC, John Kirk, Jr.,
Travis Roberts, Keith Clay, Cory Taylor,
and Barry Zachariah Moler, Individually and as
Legal Representative of the Estate of Jacob Moler,
Deceased,

    Defendants.

Case No.   1:26-cv-00221

Hon.

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

   Plaintiffs The Travelers Indemnity Company and Travelers Property Casualty Company of America (collectively, "Travelers"), by and through the undersigned counsel, file this Complaint for Declaratory Judgment against Defendants John R. Jurgensen Company, Jurgensen Companies, LLC, (collectively, "Jurgensen"), John Kirk, Jr., Travis Roberts, Keith Clay, Cory Taylor (collectively, the "Employees"), and Barry Zachariah Moler, Individually and as Legal Representative of the Estate of Jacob Moler ("Mr. Moler"), and in support thereof state as follows:

**INTRODUCTION AND NATURE OF THIS ACTION**

   1.  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 to determine and resolve questions of actual controversy concerning the availability

1

and scope of insurance coverage under various insurance policies that Travelers issued to Named Insured John R. Jurgensen Co. and/or Jurgensen Companies, LLC.

2.     This declaratory judgment action stems from a claim arising out of the workplace death of Jacob Moler, which gives rise to the underlying action discussed herein.

3.     The underlying action is captioned *Barry Zachariah Moler v. John R. Jurgensen Company, et al.*, Case No. A2504803, pending in the Court of Common Pleas, Hamilton County, Ohio (the "Underlying Action"). The Underlying Action alleges that Mr. Moler suffered damages arising out of the fatal injuries that his son, Jacob Moler, sustained while Jacob was employed by John R. Jurgensen Company and/or Jurgensen Companies, LLC. Jacob's injuries were allegedly caused by Jurgensen's and the Employees' intentional actions in failing to maintain the machinery used by Jacob.

4.     The complaint in the Underlying Action alleges causes of action against Jurgensen and the Employees for intentional workplace torts under Ohio law, specifically asserting that Jurgensen and the Employees intentionally, deliberately, and with knowledge of substantial certainty caused the injuries to and death of Jacob Moler.

5.     Jurgensen and the Employees allege that they are entitled to insurance coverage (defense and indemnification) for the Underlying Action under certain insurance policies issued by Travelers to John R. Jurgensen Co. and/or Jurgensen Companies, LLC.

6.     Travelers is and has been providing a gratuitous defense to Jurgensen, subject to certain conditions, and a defense to the Employees against the Underlying Action, subject to a full and complete reservation of rights under the applicable policies and law.

61929013.1

7.     Travelers denies that it owes insurance coverage (defense or indemnity) under the Travelers Policies (defined herein) and applicable law to or on behalf of Jurgensen and the Employees with respect to the Underlying Action, or any claim set forth therein.

8.     Travelers seeks a declaration from this Court that there is no insurance coverage available under the subject insurance policies for any claim asserted in the Underlying Action because the allegations fail to satisfy the insuring agreements of the policies and fall squarely within multiple policy exclusions.

## THE PARTIES

9.     Plaintiff The Travelers Indemnity Company is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

10.     Plaintiff Travelers Property Casualty Company of America is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

11.     Upon information and belief, John R. Jurgensen Company is a for-profit corporation incorporated and headquartered in Ohio, with its principal place of business located at 11641 Mosteller Road, Cincinnati, Ohio 45241.

12.     Upon information and belief, Jurgensen Companies, LLC is a for-profit limited liability company formed and based in Ohio, with its principal place of business located at 11641 Mosteller Road, Cincinnati, Ohio 45241.

13.     Upon information and belief, and based upon a good faith and reasonable search of publicly available sources and information, no member of Jurgensen Companies, LLC is a resident and citizen of Connecticut.

3

14.     Upon information and belief, John Kirk, Jr. ("Kirk") is an individual who is a resident and citizen of the State of Ohio, residing at 3744 U.S. Highway 52, Georgetown, Ohio 45121.

15.     Upon information and belief, Travis Roberts ("Roberts") is an individual who is a resident and citizen of the State of Ohio, residing at 1445 Lloyd Road, West Union, Ohio 45693.

16.     Upon information and belief, Keith Clay ("Clay") is an individual who is a resident and citizen of the State of Ohio, residing at 1760 Black Road, Hamilton, Ohio 45013.

17.     Upon information and belief, Cory Taylor ("Taylor") is an individual who is a resident and citizen of the State of Ohio, residing at 5576 State Route 132, Batavia, Ohio 45103.

18.     Upon information and belief, Barry Zachary Moler, Individually and as Legal Representative of the Estate of Jacob Moler, Deceased is an individual who is a resident and citizen of the State of Ohio, residing at 3801 Linn Tree Drive, Amelia, Ohio 45102.

## JURISDICTION AND VENUE

19.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000, exclusive of costs and interest, and because there is complete diversity of citizenship between the Plaintiffs and the Defendants.

20.     The total amount of alleged damages in the Underlying Action exceeds the $75,000 amount in controversy requirement.

21.     Defendants assert that they are entitled to insurance coverage under policies of insurance issued by Travelers to Jurgensen, which provide for limits in excess of $75,000.

4

22.     Furthermore, Travelers is currently paying for the cost of Jurgensen's and the Employees' defense in the Underlying Action, subject to a full and complete reservation of rights.

23.     Travelers has no other adequate remedy at law, and this is a proper case for which the Court may exercise its jurisdiction to declare the rights and obligations of the parties.

24.     This Court has the power to grant the relief sought in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Travelers Policies were issued and delivered to John R. Jurgensen Co. in this District, and the events or omissions giving rise to the claim in the Underlying Action occurred in this district.

26.     An actual, justiciable controversy exists between Plaintiffs and Defendants regarding Travelers' obligations, if any, to defend and/or indemnify Jurgensen and the Employees in connection with the Underlying Action.  Travelers is therefore entitled to a declaration of its rights and obligations under the Travelers Policies (defined herein) pursuant to 28 U.S.C. § 2201.

**TRAVELERS CGL POLICY**

27.     The Travelers Indemnity Company issued Commercial General Liability Policy No. VTC2K-CO-4S966256-IND-23, to Named Insured John R. Jurgensen Co. and Jurgensen Companies, LLC (by endorsement) for the policy period of April 1, 2023, to April 1, 2024 (the "CGL Policy") (**Exhibit 1**).

5

28.     The CGL Policy includes various insuring agreements, provisions, terms, conditions, exclusions, and endorsements, and Travelers incorporates the CGL Policy herein by reference pursuant to Fed. R. Civ. P. 10(c).

**TRAVELERS EXCESS POLICY**

29.     Travelers Property Casualty Company of America issued Excess Follow-Form and Umbrella Liability Insurance Policy No. CUP-7W347856-23-25 to Named Insured John R. Jurgensen Co. and Jurgensen Companies, LLC (by endorsement) for the policy period of April 1, 2023, to April 1, 2024 (the "Excess Policy") (**Exhibit 2**).

30.     The Excess Policy includes various insuring agreements, provisions, terms, conditions, exclusions, and endorsements, and Travelers incorporates the Excess Policy herein by reference pursuant to Fed. R. Civ. P. 10(c).

**TRAVELERS WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY**

31.     Travelers Property Casualty Company of America issued Workers Compensation and Employers Liability Policy No. UB-4W569054-23-25-K to Named Insured John R. Jurgensen Co. for the policy period of April 1, 2023, to April 1, 2024 (the "WC Policy") (**Exhibit 3**).

32.     The WC Policy includes various insuring agreements, provisions, terms, conditions, exclusions, and endorsements, and Travelers incorporates the WC Policy herein by reference pursuant to Fed. R. Civ. P. 10(c).

**TRAVELERS EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILTIY POLICY**

33.     Travelers Property Casualty Company of America issued Excess Workers Compensation and Employers Liability Policy No. VTWXJ-UB-4S966244-TIL-23 to

Defendant John R. Jurgensen Co. for the policy period from April 1, 2023, to April 1, 2024 (the "Excess WC Policy") (**Exhibit 4**).

34.     The Excess WC Policy includes various insuring agreements, provisions, terms, conditions, exclusions, and endorsements, and Travelers incorporates the Excess WC Policy herein by reference pursuant to Fed. R. Civ. P. 10(c).

35.     The CGL Policy, Excess Policy, WC Policy, and Excess WC Policy are collectively referred to herein as the "Travelers Policies."

## THE UNDERLYING ACTION

36.     On September 30, 2025, Barry Zachariah Moler, individually and as Legal Representative of the Estate of Jacob Moler, deceased, filed a Complaint in the Court of Common Pleas, Hamilton County, Ohio, Case No. A2504803, against Jurgensen and the Employees. (**Exhibit 5**).

37.     The Underlying Action arises from an incident that occurred on October 3, 2023, when Jacob Moler, the decedent, was working as a Laborer Apprentice for Jurgensen and was assigned to work on an asphalt paving job that involved pavement repairs on State Route 73 and resurfacing and pavement repairs on Old Oxford Road (State Route 130) in Hamilton, Ohio. (Complaint, ¶ 19).

38.     The Complaint in the Underlying Action alleges that Jurgensen, through their foreman, supervisor, and manager, including Kirk, instructed Jacob Moler and another worker, Damion Winkler, to operate a large 30,000-pound asphalt road roller, known as a Hamm GRW18 Pneumatic tire roller (the "Roller"). *Id.*, ¶ 20.

39.    The Complaint in the Underlying Action alleges that neither Jacob Moler nor Damion Winkler were trained, experienced, qualified, or authorized to operate the subject Roller or to inspect, maintain, or repair it. *Id.*, ¶ 25.

40.    The Complaint in the Underlying Action alleges that Damion Winkler and Jacob Moler were operating the Roller and descending a grade when the Roller's brakes, braking system, and/or transmission system failed, causing them to lose control of the Roller, leave the roadway and crash, and resulting in fatal injuries to Jacob Moler. *Id.*, ¶ 27.

41.    Count One of the Complaint in the Underlying Action asserts a claim for Statutory Workplace Intentional Tort Liability against Jurgensen pursuant to Ohio Revised Code § 2745.01.

42.    Specifically, Count One alleges that Jurgensen "deliberately and/or knowingly removed, bypassed, modified, disabled, eliminated, or otherwise rendered inoperable or ineffective the safety guards, equipment, devices, controls, and components of the subject Roller – including but not limited to the brakes, the braking system, and/or the transmission system." *Id.*, ¶ 30.

43.    Count One further alleges that Jurgensen "knowingly and deliberately adopted, permitted, and enforced an extremely dangerous policy, practice, and procedure of not inspecting, servicing, maintaining, replacing, or otherwise repairing the brakes, braking system, and/or the transmission system on the subject Roller." *Id.*, ¶ 32.

44.    Count One further alleges that Jurgensen "knowingly and deliberately adopted, permitted, and enforced an extremely dangerous policy, practice, and procedure of instructing, requiring, and permitting workers who were not trained, experienced, qualified, and authorized to operate the subject Roller." *Id.*, ¶ 33.

45.     Count One alleges that Jurgensen "must have known, and/or was otherwise aware that instructing, requiring, directing, assigning, and ordering workers (including untrained, inexperienced, unqualified, and unauthorized workers) to operate, use, and/or move the subject Roller with its safety guards, equipment, devices, controls, and components not properly inspected, maintained, repaired, adjusted, functioning, and operating, and/or in need of inspection, service, maintenance, replacement, and/or repair was extremely dangerous, unsafe, hazardous, and life-threatening to workers, [including Jacob Moler], and the general public at large and that serious or fatal injuries were virtually, if not substantially, certain to result, thereby constituting a deliberate intent to inflict injury" within the meaning of Ohio Revised Code § 2745.01(B). *Id.*, ¶ 36.

46.     Count One alleges that Jurgensen acted with deliberate intent to injure Jacob Moler within the meaning of Ohio Revised Code § 2745.01(A) and (B). *Id.*, ¶ 43.

47.     Count Two of the Complaint in the Underlying Action asserts a claim for Common Law Workplace Intentional Tort Liability against the Employees.

48.     Count Two alleges that the Employees were "actively involved in and were responsible (in whole or in substantial part) for ... (a) deliberately and/or knowingly removing, bypassing, modifying, disabling, eliminat[ing], or otherwise rendering inoperable or ineffective the safety guards, equipment, devices, controls, and components of the subject Roller; (b) deliberately and knowingly adopting, permitting, and enforcing an extremely dangerous policy, practice, and procedure of not inspecting, servicing, maintaining, replacing, or otherwise repairing the brakes, braking system, and/or the transmission system on the subject Roller; (c) instructing, requiring, directing, assigning, and ordering workers (including untrained, inexperienced, unqualified, and unauthorized workers) to

9

operate, use, occupy, and/or move the subject Roller with its safety guards, equipment, devices, controls, and components not properly inspected, maintained, repaired, replaced, adjusted, functioning, and operating and/or in need of inspection, service, maintenance replacement, and/or repair; and (d) making or otherwise being responsible for other decisions that directly and proximately caused and contributed to the incident ..." *Id.*, ¶ 59.

49.     Count Two alleges that the Employees "acted with a conscious disregard of [Jacob Moler's] rights and safety and in a manner that was substantially certain to inflict great harm or even death." *Id.*, ¶ 63.

50.     Count Two alleges that the "injuries, damages, harms, and losses set forth [in the Underlying Action] are the result of misconduct on the part of [the Employees] that constitutes willful, wanton, intentional, deliberate, and malicious conduct, and/or manifests a conscious, reckless, or flagrant disregard for the rights and safety of another person [including Jacob Moler] which had a great probability of causing substantial harm ..." *Id.*, ¶ 66.

51.     The Complaint in the Underlying Action seeks compensatory damages, punitive damages, attorneys' fees, expenses, and pre- and post-judgment interest.

52.     On or about October 31, 2025, Travelers sent a letter to Jurgensen, acknowledging the Underlying Action, and indicating that it would provide a gratuitous defense to it against the Underlying Action subject to certain conditions.

53.     On or about October 31, 2025, Travelers sent a letter to the Employees, acknowledging the Underlying Action, and indicating that it would provide a defense to them against the Underlying Action under a full and complete reservation of rights pursuant to the CGL Policy and Excess Policy.

54.     On December 12, 2025, Travelers sent a letter to Jurgensen declining coverage for the Underlying Action under the WC Policy and the Excess WC Policy.

<u>**COUNT I – DECLARATORY JUDGMENT OF NO COVERAGE**</u>
<u>**UNDER THE CGL POLICY AS TO JURGENSEN**</u>

55.     Travelers incorporates by reference the preceding paragraphs 1-54 as though fully set forth in this Count I.

56.     Travelers seeks a declaration from this Court that insurance coverage (defense and indemnity) is not available to Jurgensen with respect to the Underlying Action under the CGL Policy and applicable law.

57.     The CGL Policy contains applicable and potentially applicable provisions that preclude coverage to Jurgensen for the Underlying Action.  Travelers does not waive any of its rights under the CGL Policy or applicable law by highlighting the potentially applicable policy provisions in the CGL Policy below.

58.     Jurgensen's request for insurance coverage under the CGL Policy with respect to the Underlying Action is precluded by the following:

1. **Insuring Agreement**

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

   ***

   b.  This insurance applies to "bodily injury" and "property damage" only if:

11

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"...

\*\*\*

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\*\*\*

**e. Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:
    a.     Employment by the insured; or
    b.     Performing duties related to the conduct of the insured's business...

\*\*\*

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damage with or repay someone else who must pay damages because of the injury...

\*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

**17.** "Occurrence" means:

12

    **a.**  An accident, including continuous or repeated exposure to substantially the same general harmful conditions...

\*\*\*

59.     In accordance with the Policy language set forth in Paragraph 58, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action, because the allegations in the Underlying Action do not arise from an "occurrence" under the CGL Policy or applicable law.

60.     Further, in accordance with the Policy language set forth in Paragraph 58, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action, because the complaint in the Underlying Action alleges that the "bodily injury" at issue was expected or intended by Jurgensen.

61.     Moreover, in accordance with the Policy language set forth in Paragraph 58, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action, because the "bodily injury" at issue in the Underlying Action was to an employee of Jurgensen arising out of and in the course of his employment by Jurgensen or while performing duties related to the conduct of Jurgensen's business.

62.     The CGL Policy also includes an Employers Overhead Liability – Ohio Form (the "EL Form").  Jurgensen's request for insurance coverage under the EL Form with respect to the Underlying Action is precluded by the following:

**SECTION I COVERAGE**

**1. Insuring Agreement**

This insurance applies to "bodily injury" by accident or "bodily injury" by disease to your "employees". "Bodily injury" includes resulting death.

13

a. The "bodily injury" must arise out of and in the course of the injured "employee's" employment by you.

b. The employment must be necessary or incidental to your work in the state of Ohio.

c. You must maintain for the "employee" full Workers Compensation Insurance coverage in the Ohio Workers Compensation State Fund during the term of this insurance or shall be a qualified self insurer approved by the Ohio Administrator of Workers Compensation and in good standing.

d. "Bodily injury" by accident must occur during the endorsement period.

*** 

**2. We Will Pay**

We will pay all sums you legally must pay as damages because of "bodily injury" to your "employees", provided the "bodily injury" is covered by this insurance. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph 5. Supplementary Payments of this COVERAGE Section.

The damages we will pay, where recovery is permitted by law, include damages:

a. for which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

b. for care and loss of services; and

c. for consequential "bodily injury" to a spouse, child, parent, brother or sister of the injured "employee"; provided that these damages are the direct consequence of "bodily injury" that arises out of and in the course of the injured "employee's" employment by you; and because of "bodily injury" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as an employer...

***

**3. We Will Defend**

14

We have the right and duty to defend you, at our expense, against any claim, proceeding or "suit" seeking damages payable by this insurance. We have the right to investigate any "bodily injury" and settle these claims, proceedings and "suits."

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III).

We have no duty to defend you against a claim, proceeding or "suit" that is not covered by this insurance. We have no duty to defend or continue defending you after we have paid our applicable limit of liability under this insurance.

### 4. Exclusions

This insurance does not apply to:

\*\*\*

  b. Punitive or exemplary damages because of "bodily injury" to an "employee" employed in violation of law;

\*\*\*

  e. "Bodily injury" directly intended by the insured;

\*\*\*

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations of the Coverage Part to which this endorsement is attached as:

\*\*\*

  d. An organization other than a partnership or joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders...

\*\*\*

63. In accordance with the Policy language set forth in Paragraph 62, Jurgensen is

not entitled to insurance coverage (defense or indemnity) for the Underlying Action because

15

the Underlying Action asserts that the alleged bodily injury was directly intended by Jurgensen.

64. Further, in accordance with the Policy language set forth in Paragraph 62, Jurgensen is not entitled to insurance coverage for punitive damages sought in the Underlying Action.

65. Additional grounds that may serve to preclude insurance coverage to Jurgensen for the Underlying Action under the CGL Policy, in whole or in part, include, but are not limited to, the following:

a. To the extent that Jurgensen is not an insured within the meaning of the CGL Policy, under the CGL Policy or any endorsement thereto, there is no insurance coverage under the CGL Policy.

b. The CGL Policy provides coverage for those sums that the insured becomes "legally obligated to pay as damages." To the extent that the claim giving rise to the Underlying Action does not involve sums for which an insured is legally obligated to pay as damages, there is no insurance coverage under the CGL Policy.

c. The CGL Policy provides coverage for "bodily injury" or "property damage," only if the "bodily injury" or "property damage," is caused by an "occurrence," as those terms are defined by the CGL Policy. To the extent that the claim giving rise to the Underlying Actions does not involve "bodily injury" caused by an "occurrence," there is no insurance coverage under the CGL Policy.

d. The CGL Policy is subject to Limits of Insurance. Travelers' right and duty to defend ends when the applicable Limit of Insurance is reached through the payment of judgments or settlements.

e. The Each Occurrence Limit of Insurance is the most Travelers will pay for the total of all damages resulting from each "occurrence."

f. The CGL Policy excludes coverage for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law. To the extent that the claim giving rise to the Underlying Action results in any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law, coverage under the CGL Policy is limited or precluded.

16

g.     To the extent that insurance coverage might otherwise exist, Travelers' obligations under the CGL Policy are limited by the "Other Insurance" provision, any deductible, and any per occurrence, per person, or aggregate Limits of Insurance.

h.     There is no coverage under the CGL Policy for amounts designated as punitive, exemplary, or statutory multiple damages.

i.     To the extent that any relief sought in the Underlying Action is equitable in nature or otherwise does not constitute "sums that the insured becomes legally obligated to pay as damages" within the meaning of the CGL Policy, there is no coverage thereunder.

j.     Travelers reserves the right to seek reimbursement for some or all of the defense costs that Travelers has paid or will pay on Jurgensen's behalf to the extent that there is no insurance coverage under the CGL Policy, to the extent that Travelers paid more than its allocated share of such defense costs, and/or to the extent that there is no insurance coverage for the Underlying Action.

k.     Coverage is limited or excluded under the CGL Policy to the extent that any other policy terms, definitions, exclusions, conditions, and endorsements not specifically identified herein apply to the Underlying Action.

66.     Travelers also relies upon all additional policy terms, definitions, exclusions, conditions, and endorsements not specifically identified in paragraphs 55-65 that potentially limit or preclude insurance coverage to Jurgensen under the CGL Policy for the Underlying Action.

## COUNT II – DECLARATORY JUDGMENT OF NO COVERAGE UNDER THE CGL POLICY AS TO EMPLOYEES

67.     Travelers incorporates by reference the preceding paragraphs 1-66 as though fully set forth in this Count II.

68.     Travelers seeks a declaration from this Court that insurance coverage (defense and indemnity) is not available to the Employees with respect to the Underlying Action under the CGL Policy and applicable law.

17

69.     The CGL Policy contains applicable and potentially applicable provisions that preclude coverage to the Employees for the Underlying Action.  Travelers does not waive any of its rights under the CGL Policy or applicable law by highlighting the potentially applicable policy provisions in the CGL Policy.

70.     The Employees' request for insurance coverage under the CGL Policy with respect to the Underlying Action is precluded by the following:

**SECTION I – COVERAGES**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

    \*\*\*

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"…

    \*\*\*

2.  **Exclusions**

    This insurance does not apply to:

    a.  **Expected Or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property

18

damage" resulting from the use of reasonable force to protect persons or property.

\*\*\*

**SECTION II – WHO IS AN INSURED**

  **1.** If you are designated in the Declarations as:

\*\*\*

  **2.** Each of the following is also an insured:

    **a.** Your ... "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" ... are insureds for:

      **(1)** Bodily injury" or "personal and advertising injury":

        **(a)** To ... a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business ...

\*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

**17.** "Occurrence" means:

    **a.** An accident, including continuous or repeated exposure to substantially the same general harmful conditions...

\*\*\*

**COVERAGE FOR DESIGNATED EMPLOYEES AND VOLUNTEER WORKERS FOR BODILY INJURY TO CO-EMPLOYEES OR OTHER VOLUNTEER WORKERS**.

19

This endorsement modifies insurance provided under the following:
COMMERCIALGENERAL LIABILITY COVERAGE PART

**SCHEDULE OF EMPLOYEES AND VOLUNTEER WORKERS**
**"All employees" and "volunteer workers"**

**PROVISIONS**

The following is added to Paragraph **2.a.(1) of SECTION II – WHO IS AN INSURED:**

> **Paragraphs (1)(a), (b), and (c)** do not apply to any "employee"
> or shown in the Schedule Of ... but only with respect to "bodily
> injury" to a co-"employee" while in the course of the co-
> "employee's" employment by you or performing duties related
> to the conduct of business ... while performing duties related to
> the conduct of your business.

\*\*\*

71.     In accordance with the Policy language set forth in Paragraph 70, the Employees are not entitled to insurance coverage (defense or indemnity) for the Underlying Action because the allegations in the Underlying Action do not arise from an "occurrence" under the CGL Policy or applicable law.

72.     Further, in accordance with the Policy language set forth in Paragraph 70, the Employees are not entitled to insurance coverage (defense or indemnity) for the Underlying Action because the complaint in the Underlying Action alleges that the "bodily injury" at issue was expected or intended by the Employees.

73.     The CGL Policy also includes an Employers Overhead Liability – Ohio Form (the "EL Form"). The Employees' request for insurance coverage under the EL with respect to the Underlying Action is precluded by the following:

**SECTION I COVERAGE**

**1. Insuring Agreement**

This insurance applies to "bodily injury" by accident or "bodily injury" by disease to your "employees". "Bodily injury" includes resulting death.

a.      The "bodily injury" must arise out of and in the course of the injured "employee's" employment by you.

b.      The employment must be necessary or incidental to your work in the state of Ohio.

c.      You must maintain for the "employee" full Workers Compensation Insurance coverage in the Ohio Workers Compensation State Fund during the term of this insurance or shall be a qualified self insurer approved by the Ohio Administrator of Workers Compensation and in good standing.

***

### 2.  We Will Pay

We will pay all sums you legally must pay as damages because of "bodily injury" to your "employees", provided the "bodily injury" is covered by this insurance. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph 5. Supplementary Payments of this COVERAGE Section.

The damages we will pay, where recovery is permitted by law, include damages:

a.   for which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

b.   for care and loss of services; and

c.   for consequential "bodily injury" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury" that arises out of and in the course of the injured "employee's" employment by you; and because of "bodily injury" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as an employer...

21

\*\*\*

**3. We Will Defend**

We have the right and duty to defend you, at our expense, against any claim, proceeding or "suit" seeking damages payable by this insurance. We have the right to investigate any "bodily injury" and settle these claims, proceedings and "suits."

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III).

We have no duty to defend you against a claim, proceeding or "suit" that is not covered by this insurance. We have no duty to defend or continue defending you after we have paid our applicable limit of liability under this insurance.

\*\*\*

**SECTION II – WHO IS AN INSURED**

2. If you are designated in the Declarations of the Coverage Part to which this endorsement is attached as:

\*\*\*

d. An organization other than a partnership or joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders…

\*\*\*

74. In accordance with the Policy language set forth in Paragraph 73, the Employees are not entitled to insurance coverage (defense or indemnity) for the Underlying Action under the EL Form because the EL Form does not provide coverage for employees.

75. Additional grounds that may serve to preclude insurance coverage to the Employees for the Underlying Action under the CGL Policy, in whole or in part, include, but are not limited to, the following:

22

a.  To the extent that the Employees are not insureds within the meaning of the CGL Policy, under the CGL Policy or any endorsement thereto, there is no insurance coverage under the CGL Policy.

b.  The CGL Policy provides coverage for those sums that the insured becomes "legally obligated to pay as damages." To the extent that the claim giving rise to the Underlying Action does not involve sums for which an insured is legally obligated to pay as damages, there is no insurance coverage under the CGL Policy.

c.  The CGL Policy provides coverage for "bodily injury" or "property damage," only if the "bodily injury" or "property damage," is caused by an "occurrence," as those terms are defined by the CGL Policy. To the extent that the claim giving rise to the Underlying Actions does not involve "bodily injury" caused by an "occurrence," there is no insurance coverage under the CGL Policy.

d.  The CGL Policy is subject to Limits of Insurance.  Travelers' right and duty to defend ends when the applicable Limit of Insurance is reached through the payment of judgments or settlements.

e.  The Each Occurrence Limit of Insurance is the most Travelers will pay for the total of all damages resulting from each "occurrence."

f.  To the extent that insurance coverage might otherwise exist, Travelers' obligations under the CGL Policy are limited by the "Other Insurance" provision, any deductible, and any per occurrence, per person, or aggregate Limits of Insurance.

g.  There is no coverage under the CGL Policy for amounts designated as punitive, exemplary, or statutory multiple damages.

h.  To the extent that any relief sought in the Underlying Action is equitable in nature or otherwise does not constitute "sums that the insured becomes legally obligated to pay as damages" within the meaning of the CGL Policy, there is no coverage thereunder.

i.  Travelers reserves the right to seek reimbursement for some or all of the defense costs that Travelers has paid or will pay on the Employees' behalf to the extent that there is no insurance coverage under the CGL Policy, to the extent that Travelers paid more than its allocated share of such defense costs, and/or to the extent that there is no insurance coverage for the Underlying Action.

j.      Coverage is limited or excluded under the CGL Policy to the extent that any other policy terms, definitions, exclusions, conditions, and endorsements not specifically identified herein apply to the Underlying Action.

76.     Travelers also relies upon all additional policy terms, definitions, exclusions, conditions, and endorsements not specifically identified in paragraphs 67-75 that potentially limit or preclude insurance coverage to the Employees under the CGL Policy for the Underlying Action.

## COUNT III – DECLARATORY JUDGMENT OF NO COVERAGE UNDER THE EXCESS POLICY AS TO JURGENSEN

77.     Travelers incorporates by reference the preceding paragraphs 1-76 as though fully set forth in this Count III.

78.     Travelers seeks a declaration from this Court that insurance coverage (defense and indemnity) is not available to Jurgensen with respect to the Underlying Action under the Excess Policy and applicable law.

79.     The Excess Policy contains applicable and potentially applicable provisions that preclude coverage to Jurgensen for the Underlying Action.  Travelers does not waive any of its rights under the Excess Policy or applicable law by highlighting the potentially applicable policy provisions in the Excess Policy.

80.     Jurgensen's request for insurance coverage under the Excess Policy with respect to the Underlying Action is precluded by the following:

**SECTION I - COVERAGES**

**A.  COVERAGE A - EXCESS FOLLOW-FORM LIABILITY**

***

1.    We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit," that the insured becomes legally obligated to pay as damages to which Coverage A of

24

this insurance provides, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance.

2. Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance.

***

### B.  COVERAGE B - UMBRELLA LIABILITY

***

1. We will pay on behalf of the insured those sums in excess of the "self-insured retention" that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which Coverage B of this insurance applies.

2. Coverage **B** of this insurance applies to "bodily injury" or "property damage" only if:

    a. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place anywhere in the world;

***

### SECTION IV – EXCLUSIONS

This insurance does not apply to:

**B.** With respect to Coverage **B**:

### 1. Expected Or Intended Bodily Injury Or Property Damage

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

***

### 4. Employers Liability

25

"Bodily injury" to:

a.        An "employee" of the insured arising out of and in the course of:

(1) Employment by the insured; or

(2) Performing duties related to the conduct of the insured's business; or...

***

**SECTION VI – DEFINITIONS**

**14.** "Occurrence" means:
a. With respect to "bodily injury" or "property damage":

**(1)** An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in "bodily injury" or "property damage". All "bodily injury" or "property damage" caused by such exposure to substantially the same general harmful conditions will be deemed to be caused by one "occurrence"; or

***

81.      In accordance with the Policy language set forth in Paragraph 80, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action, because Coverage A of the Excess Policy follows form to the CGL Policy, and there is no insurance coverage for Jurgensen under the CGL Policy as set forth in Count I.

82.      Moreover, in accordance with the Policy language set forth in Paragraph 80, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action under Coverage B of the Excess Policy, because the allegations in the Underlying Action do not arise from an "occurrence" under the Excess Policy or applicable law.

83.      Further, in accordance with the Policy language set forth in Paragraph 80, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action under Coverage B of the Excess Policy, because the complaint in the Underlying Action

alleges that the "bodily injury" at issue was expected or intended from the standpoint of Jurgensen.

84.     Moreover, in accordance with the Policy language set forth in Paragraph 80, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action under Coverage B of the Excess Policy, because the Underlying Action alleges "bodily injury" to an "employee" of Jurgensen arising out of and in the course of the employment by Jurgensen or performing duties related to Jurgensen's business.

85.     Additional grounds that may serve to preclude insurance coverage to Jurgensen for the Underlying Action under the Excess Policy, in whole or in part, include, but are not limited to, the following:

a.     To the extent that Jurgensen is not an insured within the meaning of the Excess Policy, under the Excess Policy or any endorsement thereto, there is no insurance coverage under the Excess Policy.

b.     Coverage B of the Excess Policy provides coverage for those sums in excess of the "self-insured retention" that the insured becomes "legally obligated to pay as damages because of 'bodily injury.'" To the extent that the claim giving rise to the Underlying Action does not involve sums in excess of the "self-insured retention" that the insured becomes "legally obligated to pay as damages because of 'bodily injury,'" there is no insurance coverage under the Excess Policy.

c.     Coverage B of the Excess Policy applies to "bodily injury" or "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence," as those terms are defined by the Excess Policy. To the extent that the claim giving rise to the Underlying Action does not involve "bodily injury" caused by an "occurrence," there is no insurance coverage under the Excess Policy.

d.     The Excess Policy is subject to Limits of Insurance.  Travelers' right and duty to defend ends when the applicable Limit of Insurance is reached through the payment of judgments or settlements and/or defense expenses.

e.     The Occurrence Limit of Insurance is the most Travelers will pay for the total of all damages resulting from each "occurrence."

f.     The Excess Policy excludes coverage for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law. To the extent that the claim giving rise to the Underlying Action results in any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law, coverage under the Excess Policy is limited or precluded.

g.     To the extent that insurance coverage might otherwise exist, Travelers' obligations under the Excess Policy are limited by the "Other Insurance" provision, any deductible, any self-insured retention, and any per occurrence, per person, or aggregate Limits of Insurance.

h.     There is no coverage under the Excess Policy for amounts designated as punitive, exemplary, or statutory multiple damages.

i.     To the extent that any relief sought in the Underlying Action is equitable in nature or otherwise does not constitute "sums … that the insured becomes legally obligated to pay as damages," within the meaning of the Excess Policy, there is no coverage thereunder.

j.     Travelers reserves the right to seek reimbursement for some or all of the defense costs that Travelers has paid or will pay on Jurgensen's behalf to the extent that there is no insurance coverage under the Excess Policy, to the extent that Travelers paid more than its allocated share of such defense costs, and/or to the extent that there is no insurance coverage for the Underlying Action.

k.     Coverage is limited or excluded under the Excess Policy to the extent that any other policy terms, definitions, exclusions, conditions, and endorsements not specifically identified herein apply to the Underlying Action.

86.     Travelers also relies upon all additional policy terms, definitions, exclusions, conditions and endorsements not specifically identified in paragraphs 77-85 that potentially limit or preclude insurance coverage to Jurgensen under the Excess Policy for the Underlying Action.

## COUNT IV – DECLARATORY JUDGMENT OF NO COVERAGE UNDER THE EXCESS POLICY AS TO THE EMPLOYEES

87.     Travelers incorporates by reference the preceding paragraphs 1-86 as though fully set forth in this Count IV.

88.     Travelers seeks a declaration from this Court that insurance coverage (defense and indemnity) is not available to the Employees with respect to the Underlying Action under the Excess Policy and applicable law.

89.     The Excess Policy contains applicable and potentially applicable provisions that preclude coverage to the Employees for the Underlying Action.  Travelers does not waive any of its rights under the Excess Policy or applicable law by highlighting the potentially applicable policy provisions in the Excess Policy.

90.     The Employees' request for insurance coverage under the Excess Policy with respect to the Underlying Action is precluded by the following:

**SECTION I - COVERAGES**

**A.   COVERAGE A - EXCESS FOLLOW-FORM LIABILITY**

***

1.  We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit," that the insured becomes legally obligated to pay as damages to which Coverage A of this insurance provides, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance.

2.  Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance.

***

**B.   COVERAGE B - UMBRELLA LIABILITY**

***

1.  We will pay on behalf of the insured those sums in excess of the "self-insured retention" that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which Coverage B of this insurance applies.

29

    2. Coverage **B** of this insurance applies to "bodily injury" or "property damage" only if:

        a. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place anywhere in the world;

## SECTION II – WHO IS AN INSURED

***

**3.** Each of the following is also an insured:

    **a.** Your ... "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" ... are insureds for:

        (1) "Bodily injury" or "personal injury":

            **(a)** To ... a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business ...

***

## SECTION IV – EXCLUSIONS

This insurance does not apply to:

**B.** With respect to Coverage **B**:

### 1. Expected Or Intended Bodily Injury Or Property Damage

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

***

61929013.1

**SECTION VI – DEFINITIONS**

**14.** "Occurrence" means:

    **a.** With respect to "bodily injury" or "property damage":

        **(1)** An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in "bodily injury" or "property damage". All "bodily injury" or "property damage" caused by such exposure to substantially the same general harmful conditions will be deemed to be caused by one "occurrence"; or

***

91.    In accordance with the Policy language set forth in Paragraph 90, the Employees are not entitled to insurance coverage (defense or indemnity) for the Underlying Action because Coverage A of the Excess Policy follows form to the CGL Policy, and there is no insurance coverage for the Employees under the CGL Policy as set forth in Count II.

92.    Moreover, in accordance with the Policy language set forth in Paragraph 90, the Employees are not entitled to insurance coverage (defense or indemnity) for the Underlying Action under Coverage B of the Excess Policy, because the allegations in the Underlying Action do not arise from an "occurrence" under the Excess Policy or applicable law.

93.    Further, in accordance with the Policy language set forth in Paragraph 90, the Employees are not entitled to insurance coverage (defense or indemnity) for the Underlying Action under Coverage B of the Excess Policy, because the complaint in the Underlying Action alleges that the "bodily injury" at issue was expected or intended from the standpoint of the Employees.

31

61929013.1

94.     Further, in accordance with the Policy language set forth in Paragraph 90, the Employees do not qualify as insureds under Coverage B for injuries to co-employees.

95.     Additional grounds that may serve to preclude insurance coverage to the Employees for the Underlying Action under the Excess Policy, in whole or in part, include, but are not limited to, the following:

a.      To the extent that the Employees are not insureds within the meaning of the Excess Policy, under the Excess Policy or any endorsement thereto, there is no insurance coverage under the Excess Policy.

b.      Coverage B of the Excess Policy provides coverage for those sums in excess of the "self-insured retention" that the insured becomes "legally obligated to pay as damages because of 'bodily injury.'" To the extent that the claim giving rise to the Underlying Action does not involve sums in excess of the "self-insured retention" that the insured becomes "legally obligated to pay as damages because of 'bodily injury,'" there is no insurance coverage under the Excess Policy.

c.      Coverage B of the Excess Policy applies to "bodily injury" or "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence," as those terms are defined by the Excess Policy. To the extent that the claim giving rise to the Underlying Action does not involve "bodily injury" caused by an "occurrence," there is no insurance coverage under the Excess Policy.

d.      The Excess Policy is subject to Limits of Insurance.  Travelers' right and duty to defend ends when the applicable Limit of Insurance is reached through the payment of judgments or settlements and/or defense expenses.

e.      The Occurrence Limit of Insurance is the most Travelers will pay for the total of all damages resulting from each "occurrence."

f.      To the extent that insurance coverage might otherwise exist, Travelers' obligations under the Excess Policy are limited by the "Other Insurance" provision, any deductible, any self-insured retention, and any per occurrence, per person, or aggregate Limits of Insurance.

g.      There is no coverage under the Excess Policy for amounts designated as punitive, exemplary, or statutory multiple damages.

h.    To the extent that any relief sought in the Underlying Action is equitable in nature or otherwise does not constitute "sums … that the insured becomes legally obligated to pay as damages," within the meaning of the Excess Policy, there is no coverage thereunder.

i.    Travelers reserves the right to seek reimbursement for some or all of the defense costs that Travelers has paid or will pay on the Employees' behalf to the extent that there is no insurance coverage under the Excess Policy, to the extent that Travelers paid more than its allocated share of such defense costs, and/or to the extent that there is no insurance coverage for the Underlying Action.

j.    Coverage is limited or excluded under the Excess Policy to the extent that any other policy terms, definitions, exclusions, conditions, and endorsements not specifically identified herein apply to the Underlying Action.

96.    Travelers also relies upon all additional policy terms, definitions, exclusions, conditions and endorsements not specifically identified in paragraphs 87-96 that potentially limit or preclude insurance coverage to the Employees under the Excess Policy for the Underlying Action to the extent determined by Travelers' further investigation or as part of this declaratory judgment action.

### COUNT V – DECLARATORY JUDGMENT OF NO COVERAGE UNDER THE WC POLICY AS TO JURGENSEN

97.    Travelers incorporates by reference the preceding paragraphs 1-96 as though fully set forth in this Count V.

98.    Travelers seeks a declaration from this Court that insurance coverage (defense and indemnity) is not available to Jurgensen with respect to the Underlying Action under the WC Policy and applicable law.

99.    The WC Policy contains applicable and potentially applicable provisions that preclude coverage to Jurgensen for the Underlying Action. Travelers does not waive any of its rights under the WC Policy or applicable law by highlighting the potentially applicable policy provisions in the WC Policy.

33

100. Jurgensen's request for insurance coverage under the WC Policy with respect to the Underlying Action is precluded by the following:

The WC Policy declarations page provides:

**A. WORKERS COMPENSATION INSURANCE**: Part One of the policy applies to the Workers Compensation Law of the state(s) listed here:

IN KY

**B. EMPLOYERS LIABILITY INSURANCE**: Part Two of the policy applies to work in each state listed in item 3.A. The limits of our liability under Part Two are:

Bodily Injury by Accident: $1,000,000 Each Accident
Bodily Injury by Disease: $1,000,000 Policy Limit
Bodily Injury by Disease: $1,000,000 Each Employee

**C. OTHER STATES INSURANCE**: Part Three of the policy applies to the states, if any, listed here:

AL AR AZ CA CO CT DC DE FL GA HI IA ID IL KS LA MA MD ME MI MN MO MS MT NC NE NH NJ NM NV NY OK OR PA RI SC SD TN TX UT VA VT WV

\*\*\*

WC Policy Endorsement WC 00 00 00 (C) provides:

**PART TWO**
**EMPLOYERS LIABILITY INSURANCE**

**A. How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

34

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

**B. We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2. For care and loss of services; and

3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer

**C. Exclusions**

This insurance does not cover:

***

2. Punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

***

4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you;

35

61929013.1

\*\*\*

WC Policy Endorsement WC 99 03 D3 (A) - Ohio Employers Liability Coverage Endorsement (via Special Provisions Endorsement State Applicability – WC 99 03 C3 (00)) provides

**OHIO EMPLOYERS LIABILITY COVERAGE ENDORSMENT**

This endorsement applies only to work in Ohio.

   **A.** Part One (Workers Compensation Insurance) does not apply to work in Ohio.

   **B.** Part Two (Employers Liability Insurance) applies to work in Ohio as though it were shown in Item 3.A of the Information page.

   **C.** Part Two (Employers Liability Insurance), C. Exclusion 5. is removed and replaced with the following:

**c.** Exclusions

This insurance does not cover:

**5.** Bodily injury directly intended by the insured:

Part Two (Employers Liability Insurance), C. Exclusions is changed by adding these exclusions:

  14. bodily injury to an employed when you are deprived by common law defense or are subject to penalty because of your failure to secure your obligations under the workers compensation law of Ohio or otherwise fail to comply with the law.

\*\*\*

101.    In accordance with the Policy language set forth in Paragraph 100, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action, because the damages at issue are not alleged to be the result of an accident and the WC Policy does not apply to intentional injuries.

36

102.     Moreover, in accordance with the Policy language set forth in Paragraph 100, Jurgensen is not entitled to insurance coverage for punitive damages sought in the Underlying Action.

103.     Further, in accordance with the Policy language set forth in Paragraph 100, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action, because the complaint in the Underlying Action alleges that the "bodily injury" at issue was directly intended by Jurgensen.

104.     Additional grounds that may serve to preclude insurance coverage to Jurgensen for the Underlying Action under the WC Policy, in whole or in part, include, but are not limited to, the following:

a.     To the extent that Jurgensen is not an insured within the meaning of the WC Policy, under the WC Policy or any endorsement thereto, there is no insurance coverage under the WC Policy.

b.     The WC Policy provides coverage for all sums that the insured legally must pay as damages because of bodily injury to the insured's employees, provided the bodily injury is covered by the Employers Liability Insurance. To the extent that the claim giving rise to the Underlying Action does not involve sums that the insured legally must pay as damages because of bodily injury to the insured's employees, provided the bodily injury is covered by the Employers Liability Insurance, there is no insurance coverage under the WC Policy.

c.     The WC Policy provides coverage for bodily injury by accident. To the extent that the claim giving rise to the Underlying Actions does not involve bodily injury by accident, there is no insurance coverage under the WC Policy.

d.     The WC Policy excludes coverage for any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law. To the extent that the claim giving rise to the Underlying Action imposes an obligation on Jurgensen under a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law, coverage for the Underlying Action is limited or precluded.

e. The WC Policy excludes coverage for any injury intentionally caused or aggravated by the insured. To the extent that the claim giving rise to the Underlying Action alleges injury intentionally caused or aggravated by Jurgensen, coverage for the Underlying Action is limited or precluded.

f. The WC Policy is subject to Limits of Insurance. Travelers' coverage obligation, if any, ends when the applicable Limit of Insurance is reached.

g. The Each Accident Limit of Insurance is the most Travelers will pay for the total of all damages resulting from each accident.

h. To the extent that insurance coverage might otherwise exist, Travelers' obligations under the WC Policy are limited by the "Other Insurance" provision, any deductible, and any per accident Limit of Insurance.

i. There is no coverage under the WC Policy for amounts designated as punitive, exemplary, or statutory multiple damages.

j. To the extent that any relief sought in the Underlying Action is equitable in nature or otherwise does not constitute "sums that the insured legally must pay as damages" within the meaning of the WC Policy, there is no coverage thereunder.

k. Travelers reserves the right to seek reimbursement for some or all of the defense costs that Travelers has paid or will pay on Jurgensen's behalf to the extent that there is no insurance coverage under the WC Policy, to the extent that Travelers paid more than its allocated share of such defense costs, and/or to the extent that there is no insurance coverage for the Underlying Action.

l. Coverage is limited or excluded under the WC Policy to the extent that any other policy terms, definitions, exclusions, conditions, and endorsements not specifically identified herein apply to the Underlying Action.

105. Travelers also relies upon all additional policy terms, definitions, exclusions, conditions and endorsements not specifically identified in paragraphs 97-104 that potentially limit or preclude insurance coverage to Jurgensen under the WC Policy for the Underlying Action to the extent determined by Travelers' further investigation or as part of this declaratory judgment action.

38

## COUNT VI – DECLARATORY JUDGMENT OF NO COVERAGE
## UNDER THE EXCESS WC POLICY AS TO JURGENSEN

106.    Travelers incorporates by reference the preceding paragraphs 1-105 as though fully set forth in this Count VI.

107.    Travelers seeks a declaration from this Court that insurance coverage (defense and indemnity) is not available to Jurgensen with respect to the Underlying Action under the Excess WC Policy and applicable law.

108.    The Excess WC Policy contains applicable and potentially applicable provisions that preclude coverage to Jurgensen for the Underlying Action.  Travelers does not waive any of its rights under the Excess WC Policy or applicable law by highlighting the potentially applicable policy provisions in the Excess WC Policy.

109.    Jurgensen's request for insurance coverage under the Excess WC Policy with respect to the Underlying Action is precluded by the following:

### GENERAL SECTION

***

**B.  Who is Insured**

You are insured if you are an employer named in Item 1 of the Information Page.

***

### PART ONE – EXCESS WORKERS COMPENSATION INSURANCE

A.  How This Insurance Applies

This excess workers compensation insurance applies to bodily injury by accident … The bodily injury must arise of and in the course of the injured employee's employment by you …

***

39

\*\*\*

## PART TWO – EXCESS WORKERS COMPENSATION INSURANCE

A.  How This Insurance Applies

This excess Employers Liability insurance applies to bodily injury by accident … not required by the Workers Compensation law.

\*\*\*

## OHIO INTENTIONAL TORT CLARIFICATION ENDORSMENT
This endorsement applies only to work in Ohio.

Part Two (Excess Employers Liability Insurance), Section D. (Exclusions). Item 5. Is amended to read as follows:

**5.** Bodily injury directly intended by you.

\*\*\*

110.    In accordance with the Policy language set forth in Paragraph 109, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action, because the damages at issue are not alleged to be the result of an accident.

111.    In accordance with the Policy language set forth in Paragraph 109, Jurgensen is not entitled to insurance coverage (defense or indemnity) for the Underlying Action because the complaint in the Underlying Action alleges that the bodily injury at issue was directly intended by Jurgensen.

112.    Moreover, in accordance with the language set forth in the Excess WC Policy, Jurgensen is not entitled to insurance coverage for punitive damages sought in the Underlying Action.

113.    Jurgensen is further not entitled to insurance coverage (defense or indemnity) to the extent that it is not an insured under the Excess WC Policy.

40

114. Additional grounds that may serve to preclude insurance coverage to Jurgensen for the Underlying Action under the Excess WC Policy, in whole or in part, include, but are not limited to, the following:

a. To the extent that Jurgensen is not an insured within the meaning of the Excess WC Policy, under the WC Policy or any endorsement thereto, there is no insurance coverage under the WC Policy.

b. The Excess WC Policy is subject to Limits of Insurance. Travelers' coverage obligation, if any, ends when the applicable Limit of Insurance is reached.

c. The Each Accident Limit of Insurance is the most Travelers will pay for the total of all damages resulting from each accident.

d. To the extent that insurance coverage might otherwise exist, Travelers' obligations under the Excess WC Policy are limited by the "Other Insurance" provision, any deductible, and any each accident or other Limit of Insurance.

e. There is no coverage under the Excess WC Policy for amounts designated as punitive, exemplary, or statutory multiple damages.

f. Travelers reserves the right to seek reimbursement for some or all of the defense costs that Travelers has paid or will pay on Jurgensen's behalf to the extent that there is no insurance coverage under the WC Policy, to the extent that Travelers paid more than its allocated share of such defense costs, and/or to the extent that there is no insurance coverage for the Underlying Action.

g. Coverage is limited or excluded under the Excess WC Policy to the extent that any other policy terms, definitions, exclusions, conditions, and endorsements not specifically identified herein apply to the Underlying Action.

115. Travelers also relies upon all additional policy terms, definitions, exclusions, conditions, and endorsements not specifically identified in paragraphs 106-114 that potentially limit or preclude insurance coverage to Jurgensen under the Excess WC Policy for the Underlying Action to the extent determined by Travelers' further investigation or as part of this declaratory judgment action.

41

61929013.1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs The Travelers Indemnity Company and Travelers Property

Casualty Company of America respectfully request that this Court enter judgment in their

favor and against Defendants as follows:

A. A declaration that Travelers has no duty to defend Defendants John R. Jurgensen Company, Jurgensen Companies, LLC, John Kirk, Jr., Travis Roberts, Keith Clay, and Cory Taylor in connection with the Underlying Action;

B. A declaration that Travelers has no duty to indemnify Defendants John R. Jurgensen Company, Jurgensen Companies, LLC, John Kirk, Jr., Travis Roberts, Keith Clay, and Cory Taylor for any judgment, settlement, or other liability arising out of the Underlying Action;

C. An award of the costs and fees that Travelers has expended and incurred in the defense of Defendants John R. Jurgensen Company, Jurgensen Companies, LLC, John Kirk, Jr., Travis Roberts, Keith Clay, and Cory Taylor with respect to the Underlying Action;

D. An award of costs, including reasonable attorneys' fees, incurred by Travelers in prosecuting this action; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/Patrick E. Winters*
Patrick E. Winters (85739)
Danielle R. Chidiac (pro hac vice forthcoming)
Plunkett Cooney, P.C.
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Phone: 248-901-4000
Fax: 248-901-4040

Christina Corl (67869)
Plunkett Cooney, P.C.
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43235
Phone: 614-629-3018
Fax: 248-901-4040

*Attorneys for The Travelers Indemnity Company and Travelers Property Casualty Company of America*

Dated:   March 3, 2026

61929013.1